UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREUNNA R.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No.: 25-cv-0115-DEB<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT**<br><br>**[DKT. NOS. 1, 2]** |

Before the Court is Plaintiff Breunna R.'s Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). Dkt. No. 2.[1]

**I.     *In Forma Pauperis* Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). Courts may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all her assets, showing she is unable to pay the filing fee. 28 U.S.C. § 1915(a); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The affidavit must "state the facts as to [the] affiant's poverty with some particularity,

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). An affidavit is sufficient if it shows the applicant cannot pay the fee "'and still be able to provide' [her]self and dependents 'with the necessities of life.'" *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Plaintiff's IFP Application establishes she is unhoused and without assets. Dkt. No. 2 at 3, 5. She is currently employed and earns $1,318 per month. *Id*. at 1–2. She also receives $293 in monthly food stamps. *Id*. at 2. Although her monthly expenses, which amount to $1,415, are slightly less than her monthly income, Plaintiff states she may no longer be able to physically work at her current job. *Id*. at 5.

Based on the foregoing, the Court finds Plaintiff has sufficiently shown she cannot pay the filing fee and afford the necessities of life. The Court, therefore, **GRANTS** Plaintiff's IFP Application (Dkt. No. 2).

## II.    Screening the Complaint

Because Plaintiff is proceeding IFP, her complaint requires pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners [.]") (citations omitted).

The Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") require the complaint to include the following:

> (A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A)–(E); *see also Vaughn J. v. O'Malley*, No. 3:24-cv-1124-VET, 2024 WL 3732480, at *2 (S.D. Cal. Aug. 8, 2024) ("[I]n the context of a Social Security action, the Court applies the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) . . . to determine whether the Complaint states a claim for relief.") (citations omitted).

The complaint states a claim on which relief may be granted: (A) It states the action is brought under 42 U.S.C. § 405(g); (B) it identifies the final decision to be reviewed; (C) it provides Plaintiff's name and states she resides in San Diego County; (D) it identifies Plaintiff as the person on whose wage record benefits are claimed; and (E) it states Supplemental Security Income as the type of benefits claimed. Dkt. No. 1 at 1–2. There also are no indications that Plaintiff's complaint is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.

### III.   Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's IFP Application (Dkt. No. 2) and **FINDS** her complaint passes pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with Rule 3 of the Supplemental Rules for Social Security Actions, the Clerk of Court must transmit a Notice of Electronic Filing to the Social Security Administration's Office of General Counsel and to the United States Attorney's Office for the Southern District of California in lieu of service of a summons and complaint.

**IT IS SO ORDERED**.

Dated:  February 13, 2025

Honorable Daniel E. Butcher
United States Magistrate Judge