UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BREUNNA R.,[1]

                                    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                                    Defendant.

Case No.:  25-cv-0115-DEB

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**[DKT. NO. 11]**

## I.    INTRODUCTION

Before the Court is Plaintiff Breunna R.'s Motion for Summary Judgment. Dkt. No. 11 ("Motion"). Defendant Commissioner of Social Security responded (Dkt. No. 12), and Plaintiff replied (Dkt. No. 13).

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion, **REVERSES** the Commissioner's denial of benefits to Plaintiff, and **REMANDS** for the calculation and award of benefits.

\\

\\

[1] To maintain privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

1

## II.    PROCEDURAL BACKGROUND

Plaintiff applied for Supplemental Security Income disability benefits alleging disability beginning October 1, 2020. AR 140.[2] The Social Security Administration denied Plaintiff's application initially and on reconsideration. AR 154–55, 174. Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 14–35, 188. The Appeals Council denied Plaintiff's request for review (AR 1), and this case followed.

## III.    SUMMARY OF THE ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. 20 C.F.R. § 416.920(a). At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since February 18, 2022, the application date." AR 19.

At step two, the ALJ found Plaintiff had the following severe impairments: desmoid fibromatosis status-post partial resection and radiation therapy; right-sided brachial plexopathy; lymphedema of the right upper extremity; migraine headaches; fibromyalgia; asthma; and sleep apnea. AR 19–20. The ALJ also applied the "paragraph B" criteria to Plaintiff's mental impairments and found each limitation "mild." AR 20–22.

At step three, the ALJ found Plaintiff did not have a physical impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 22–23.

Before proceeding to step four, the ALJ found Plaintiff had the residual functioning capacity ("RFC") to perform light work with the following limitations:

> [O]ccasional push/pull with the dominant right upper extremity. . . .
> [O]ccasional climbing of ramps/stairs, never climbing of ladders/ropes/
> scaffolds, and occasional balancing, stooping, kneeling, crouching and
> crawling, never overhead reaching with the dominant right upper extremity,

---

[2] "AR" refers to the Administrative Record lodged on March 18, 2025. Dkt. No. 8. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

frequent reaching all other directions with dominant right upper extremity, frequent handling and fingering with the dominant right upper extremity. [Plaintiff] must avoid concentrated exposure to extreme cold, to extreme heat, to bright lights, loud noise, and to hazards such as operational control of moving machinery and unprotected heights. [Plaintiff] should avoid all exposure to fumes, odors, gases, and other pulmonary irritants.

AR 23.

At step four, the ALJ found Plaintiff had no past relevant work. AR 28.

At step five, the ALJ concluded Plaintiff could perform jobs that exist in significant numbers in the national economy. AR 28–29. The ALJ, therefore, concluded Plaintiff was not under a disability since February 18, 2022, "the date the application was filed[.]" AR 29.

## IV.    STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether it applied the proper legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the ALJ's determination . . . if the ALJ applied the proper legal standard and his decision is supported by substantial evidence."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 97 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision . . . ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

\\

## V.    DISCUSSION

Plaintiff alleges the ALJ erred by: (1) discounting her subjective symptom testimony; (2) failing to fully consider her ability to sustain work; and (3) finding her mental impairments nonsevere. Dkt. No. 11 at 5–6. The Court finds the ALJ's decision does not provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony and fails to consider her ability to sustain full-time work. The Court also finds nothing in the record that undermines Plaintiff's report of chronic and disabling pain that precludes sustained work. The Court, therefore, remands for an award of benefits.

In evaluating a claimant's subjective symptom testimony, "an ALJ must engage in a two-step analysis." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal citation omitted). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1014). Second, "[i]f the claimant satisfies the first step . . . and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. (quoting *Garrison*, 759 F.3d at 1014–15).

Plaintiff's subjective symptom testimony largely focused on her chronic pain. In her March 28, 2022, Adult Function Report, Plaintiff wrote "pain affects [her] in [a] majority of [her] task[s]" (AR 338), she is "in pain constantly" (AR 342), and pain limits her attention span to "10-15 minutes" (AR 343). Plaintiff further reported her pain prevents her from preparing meals, performing housework, and conducting certain self-care tasks (e.g., dressing, bathing, combing hair). AR 339–40.

Plaintiff's mother submitted an Adult Third Party Function Report that corroborates Plaintiff's Report. AR 333 (she cannot perform house or yard work "because she [is] in so much pain"); AR 335 ("she's in pain a lot").

Plaintiff provided additional details about her debilitating pain at the October 6, 2023, hearing:

- "I would say [my biggest everyday challenge] is pain . . . and be[ing] able to honestly tolerate the pain." AR 100–01.

- "[My] first desmoid tumor is around my nerves so it causes me a lot of nerve pain in my right arm and it also affected me to have lymphedema throughout my hand and – my right hand and right arm." AR 101.

- "I'm able to [grab objects], but not for very long because . . . I will start to have very numbing pains if I raise my arm too high or if I use it too much . . . [pain] will shoot throughout my entire arm and throb throughout the day." AR 101.

- "I was also being treated by pain management for [migraine headaches,] . . . I get them if there's a lot of sunlight. I get them consistently throughout the day . . . light will be very sensitive to me and it will make me have a really worse migraine or even just looking at like a phone screen for too long, so I have them probably every hour." AR 105.

- "[My migraines] are very strong to where I can't even like think straight . . . [medication] honestly barely do[es] anything . . . I like to make sure that all of the rooms I go in are like dark before my day even starts. Or like if it's happening, . . . I will try to like take a nap if that can help, but sometimes it's hard to go to sleep if you're already in the pain." AR 119.

- "I already had fibro fog and trying to exert like pushing through pain to write and to like finish all of the tasks . . . to where I could actually get . . . the full benefit of education was very hard." AR 99.

- "[B]ecause of the radiation and the medications I'm on . . . my nausea [is] much worse . . . Yes[, I get daily nausea]." AR 106.

- I can stand my feet for "[m]aybe 10 minutes, 10, 15" and sit for "five to ten minutes, but then my back will start to hurt, so . . . I get somewhere I can lay down[.]" AR 110.

At the December 15, 2023, hearing, Plaintiff further testified:

25-cv-0115-DEB

- "I have pain [and swelling] in my right arm [from my shoulder down to my fingers] . . . if I use [my right hand] to do, like, anything, like, I can start to feel it get heavy after, like, less than a minute. And so I have to take a break . . . it's like doing whatever I can, but, like, taking breaks because I will . . . get cramping pains." AR 74–75.

- "[When my right hand hurts and I need a break, it will be for] maybe ten minutes, five minutes, or if it was really bad then an hour, honestly[.]" AR 75–76.

- "[I have migraines] every day, like every few hours[.]" AR 78.

The ALJ's decision found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . ." AR 24; *accord Vasquez*, 572 F.3d at 591 (finding ALJ "satisfied the first prong of the ALJ's inquiry regarding the credibility of [plaintiff's] complaints" where the "ALJ acknowledged that [plaintiff's] injuries could reasonably be expected to produce *some* of the pain and other symptoms alleged" (internal quotation marks omitted)). The ALJ's decision, however, found Plaintiff's testimony not fully credible because Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 24.

The ALJ's decision does not contain "specific, clear and convincing reasons" for rejecting Plaintiff's testimony regarding the limiting effects of her pain. *Vasquez*, 572 F.3d at 591. Instead, the decision focused on Plaintiff's functional limitations. *See* AR 25 ("As for the claimant's statements, . . . the objective medical evidence generally does not support the alleged loss of function); AR 26 ("In sum, while the undersigned has considered the claimant's reports of symptoms, the record as a whole supports the [RFC's] reduced light exertional level with postural, manipulative, and environmental limitations.").

Although the ALJ's decision acknowledges Plaintiff's testimony about her pain (AR 23-25 ("She reported chest pain, constant pain, and fatigue"); AR 25 ("She reported . . . constant pain, . . . and pain affects a majority of her tasks)), it neither contains clear and convincing reasons for rejecting that testimony nor considers whether she can sustain work

25-cv-0115-DEB

on a regular and continuing basis despite her pain. This is error. *See Garrison*, 759 F.3d at 1011 (in determining RFC, the ALJ "must consider . . . the total limiting effects caused by medically determinable impairments and the claimant's subjective experiences of pain." (citing 20 C.F.R. § 416.945(b)–(c), (e))); *Lingenfelter*, 504 F.3d at 1040 (reversing and remanding for benefits where the ALJ "did not provide clear and convincing reasons for excluding [plaintiff's] pain and symptoms from his assessment of [plaintiff's] RFC"); SSR 96-8p, 1996 WL 374184 (July 2, 1996) ("[T]he RFC assessment must include a discussion of the individual's abilities" to perform "sustained work activities in an ordinary work setting on a regular and continuing basis. . . . A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or equivalent work schedule.").[3]

The error is not harmless. If Plaintiff's testimony about her constant and debilitating pain was credited, it would follow that she could not sustain regular and continuing work (i.e., she would require frequent breaks and miss work often). The Vocational Examiner testified there is no available job for a person with such limitations. AR 133–34 (Q: "[I]f . . . the hypothetical individual would be off task greater that 10% of the workday or would be absent two or more days a month on a recurring basis . . . , does that rule out all work in your opinion?" A: "Yes, Your Honor."); AR 86 (same).

Because the Court agrees with Plaintiff's first two grounds for appeal (i.e., that the ALJ's decision lacks clear and convincing reasons for discounting Plaintiff's subjective symptom testimony and fails to evaluate Plaintiff's ability to sustain work on a regular and

---

[3] Although the ALJ's decision cites Plaintiff's "yoga, walking, and strength training at home" as reasons to discount her testimony (AR 26), these activities do not translate to an ability to sustain regular and continuing work. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (A plaintiff "may do these activities *despite* pain for therapeutic reasons, but that does not mean she could concentrate on work despite the pain or could engage in similar activity for a longer period given the pain involved."); *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) (finding the ALJ "erred in its credibility finding," because the plaintiff's activities at home were "not similar to typical work responsibilities[,]" "likely not [performed] with the consistency and persistence that a work environment requires[,]" and not as "easy to perform" outside her home).

25-cv-0115-DEB

continuing basis), the Court does not reach Plaintiff's third ground (i.e., finding Plaintiff's mental impairments are not severe). *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [the] alternative ground[s] for remand.").

## VI.   REMAND

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). Where "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Id.* (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)); *see also Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The Ninth Circuit has instructed, however, "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).

The Court finds awarding benefits is appropriate here. The ALJ's decision found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" AR 24. The Court has carefully reviewed the record and finds nothing inconsistent with Plaintiff's report of chronic and debilitating pain. *Garrison*, 759 F.3d at 1022 (remanding for the award of benefits, because the Court's review of "the entire record . . . found nothing that would create doubt as to [plaintiff's] entitlement to the benefits she seeks.").

All criteria for the "credit-as-true" rule are present here: (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ's decision fails to provide legally sufficient reasons for rejecting the Plaintiff's subjective pain testimony; and (3) crediting Plaintiff's testimony compels a finding that

she cannot sustain regular and continuing work, and therefore, is disabled. *Id.* at 1020 ("We have, in a number of cases, stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when all of these conditions are met."); *Varela v. Saul*, 827 F. App'x 713, 714–15 (9th Cir. 2020) ("[T]he district court abused its discretion [by remanding for rehearing] because, crediting Dr. Anderson's opinion as true, there is no doubt [plaintiff] was disabled. Further administrative proceedings are not necessary where the ALJ improperly rejected evidence, the record has been fully developed, and further proceedings would not be useful.").

## VII.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and **REMANDS** for the calculation and award of benefits.

The Clerk is directed to enter Judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated:  March 5, 2026

_____
Honorable Daniel E. Butcher
United States Magistrate Judge

25-cv-0115-DEB